**DISTRICT OF OREGON**
**F I L E D**
**May 05, 2025**
**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Bankruptcy Case No. 16-33185-pcm7 |
| PETER SZANTO, | |
| Debtor. | Adv. Proc. No. 24-3063-pcm |
| CANDACE AMBORN, TRUSTEE, | |
| Plaintiff, | |
| v. | MEMORANDUM DECISION[1] |
| PETER SZANTO, | |
| Defendant. | |

---

[1]     This disposition is specific to this case and is not intended for publication or to have a controlling effect on other cases.  It may, however, be cited for whatever persuasive value it may have.

Plaintiff, the trustee in the chapter 7[2] bankruptcy case of Peter Szanto (Defendant or Debtor), moves for summary judgment on the claims, defenses and counterclaims asserted in this adversary proceeding.  The court determines that a hearing is not necessary. LBR 7007-1(d).  For the reasons explained below, the court will enter summary judgment in favor of the plaintiff, although it will not grant all the relief requested in the complaint.

BACKGROUND AND FACTS

Candace Amborn (the Trustee or Plaintiff) filed a Complaint for Injunctive Relief Prohibiting Peter Szanto from Violating the Barton Doctrine and Establishing Contempt Procedures (the Complaint).  ECF No. 1.  Plaintiff asserts one claim for relief in the Complaint: "Plaintiff seeks a permanent injunction staying any future litigation of the Debtor against the Former Trustee, Trustee, and their professionals under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065, unless such litigation complies with the Barton doctrine."[3]  ECF No. 1.  As is explained in more detail below, the Barton doctrine requires that, before a suit can be brought against a bankruptcy trustee or the trustee's professionals in a court other than the appointing court, leave of the bankruptcy court must be obtained.  Plaintiff alleges that Defendant's history of litigation in this and other courts warrants issuance of an injunction.

Defendant filed an answer in which he raises numerous defenses, some of which he identifies as jurisdictional, and asserts two counterclaims.  ECF No. 32.  In his first counterclaim, Defendant argues that the Trustee violated § 704, which governs the duties of a chapter 7 trustee, by commencing a bankruptcy case in Singapore.  In his second counterclaim, Defendant argues

---

[2]     Unless otherwise noted, all references to chapters and sections are to the Bankruptcy Code, 11 U.S.C. § 101, et. seq.

[3]     The Former Trustee is Stephen P. Arnot.

that Trustee improperly paid legal fees to a law firm that represented the Trustee in the Singapore action.  Defendant timely filed a First Amended Answer.[4]  ECF No. 41.  The amended answer asserts two new defenses and omits Defendant's counterclaims.  Because it is not clear whether Defendant intended to abandon his counterclaims when he failed to include them in his amended answer, the court will assume that Defendant did not intend to abandon his counterclaims.

JURISDICTION AND AUTHORITY TO ENTER FINAL JUDGMENT

The federal district courts have "original and exclusive jurisdiction" of all cases under the Bankruptcy Code.  28 U.S.C. § 1334(a).  The federal district courts also have "original but not exclusive jurisdiction" of all civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code.  28 U.S.C. § 1334(b).  As permitted by 28 U.S.C. § 157(a), the United States District Court for the District of Oregon (the District Court) has referred to this court all cases under the Bankruptcy Code and all proceedings arising under the Bankruptcy Code or arising in or related to a bankruptcy case.  District Court LR 2100-2(a).

The terms "arising under title 11" and "arising in a case under title 11" are terms of art which the courts have defined.  Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re

---

[4]     Defendant filed his amended answer within the time permitted by Fed. R. Civ. P. 15(a)(1), which provides:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . whichever is earlier.

Fed. R. Civ. P. 15 is made applicable by Fed. R. Bankr. P. 7015.

> Wilshire Courtyard), 729 F.3d 1279, 1285 (9th Cir. 2013).  A proceeding "arises under" title 11 if it presents claims for relief created or controlled by title 11.  Id.  In contrast, the claims for relief in a proceeding "arising in" a title 11 case are not explicitly created or controlled by title 11, but such claims nonetheless would have no existence outside of a bankruptcy case.  Id.

In re GACN, Inc., 555 B.R. 684, 693 (9th Cir. BAP 2016).  The court has jurisdiction over Plaintiff's claim and Defendant's counterclaims because, at the very least, they arise in a case under title 11.  All the claims "could not exist independently of" Defendant's chapter 7 bankruptcy case.[5]  In re Harris, 590 F.3d 730, 738 (9th Cir. 2009).

A bankruptcy judge to whom a case has been referred may enter final judgment in any core proceeding arising under the Bankruptcy Code or arising in a case under the Bankruptcy Code.  28 U.S.C. § 157(b)(1).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B) (matters concerning administration of the estate and allowance of claims against the estate).  Thus, the court has statutory authority to enter final judgment in this proceeding.

Plaintiff consents to entry of final judgment by the court; Defendant does not consent.  A party's consent to exercise of the court's jurisdiction is relevant only where a proceeding is outside of a bankruptcy court's constitutional authority as analyzed by the Supreme Court in Stern v. Marshall, 131 S. Ct. 2594  (2011).  The claims in this adversary proceeding stem from the bankruptcy itself and thus are within the Court's constitutional authority.  Stern, 131 S. Ct. at 2618.  See also 10 COLLIER ON BANKRUPTCY ¶ 7008.02 (Richard Levin & Henry J. Sommer eds., 16th ed.)(if claim arises from bankruptcy itself, bankruptcy judge may enter final judgment without consent of parties).  Therefore, the court has constitutional authority to, and will, enter final judgment despite Defendant's lack of consent.

---

[5]    Defendant's counterclaims likely arise under title 11 because they appear to be "created or determined by the bankruptcy code."  In re Harris, 590 F.3d 730, 737 (9th Cir. 2009).

## SUMMARY JUDGMENT STANDARD

Fed. R. Civ. P. 56 is made applicable in adversary proceedings by Fed. R. Bankr. P.

7056.  Fed. R. Civ. P. 56(a) provides:

> A party may move for summary judgment, identifying each claim or defense—or the
> part of each claim or defense—on which summary judgment is sought.  The court shall
> grant summary judgment if the movant shows that there is no genuine dispute as to any
> material fact and the movant is entitled to judgment as a matter of law.

Summary judgment is appropriate when the pleadings and supplemental materials present no

genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  Once the moving party shows the absence of an issue of material fact, the

non-moving party must go beyond the pleadings and designate specific facts showing a genuine

issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Mere argument and bare

allegations unsupported by material that can be presented in a form that would be admissible

evidence is insufficient to defeat a motion for summary judgment.  Foster v. City of Indio, 908

F.3d 1204, 1217-18 (9th Cir. 2018).

## ANALYSIS

In the context of bankruptcy, the Barton doctrine requires that "a party must first obtain

leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy

trustee or other officer appointed by the bankruptcy court for acts done in the officer's official

capacity." In re Crown Vantage, Inc., 421 F.3d 963, 970 (9th Cir. 2005).  See also In re Kashani,

190 B.R. 875, 888-89 (9th Cir. BAP 1995)("Leave of the bankruptcy court is a prerequisite to a

lawsuit in any forum other than the appointing court unless the exception listed in 28 U.S.C. §

959(a) applies.").[6]  The Barton doctrine applies to actions against trustees and their court-approved professionals.  In re Badea, 2019 Bankr. LEXIS 667, *9 (9th Cir. BAP March 5, 2019)(citing Crown Vantage).  The purpose of the Barton doctrine is to protect officers of the court from unjustified liability for acts taken within the scope of their official duties and to enable the appointing court to main control over the bankruptcy estate.  1 COLLIER ON BANKRUPTCY ¶ 10.01 (Richard Levin & Henry J. Sommer eds., 16th ed.).  The doctrine also reflects the "need to maintain a panel of competent and qualified trustees and to ensure cost-efficient administration of bankruptcy estates."  Id.

"In suits brought by a debtor against the trustee, claims based on acts that are related to the official duties of the trustee are barred by the Barton doctrine even if the debtor alleges such acts were taken with improper motives."  Satterfield v. Malloy, 700 F.3d 1231, 1236 (10th Cir. 2012).  See also Kashani, 190 B.R. at 884 (Barton doctrine applies to allegations that trustee breached her fiduciary duty); 1 COLLIER ON BANKRUPTCY ¶ 10.01 (Richard Levin & Henry J. Sommer eds., 16th ed.)(Barton doctrine applies to broad variety of alleged trustee misconduct or malfeasance, including tort claims).  The doctrine continues to apply even after the bankruptcy case is closed.  Crown Vantage, 421 F.3d at 972.

---

[6]     28 U.S.C. § 959(a) creates an exception to the Barton doctrine by providing that a trustee may be sued, without leave of the bankruptcy court, with respect to acts related to carrying on the debtor's business.  The exception created by § 959(a) does not apply here.  Courts have narrowly construed the concept of carrying on business to permit actions to redress torts committed in connection with a trustee's operation of a debtor's business, such as a negligence claim in a slip and fall case where the trustee operates a retail store.  See, e.g., In re CDC Corp., 610 Fed. Appx. 918, 922 (11th Cir. 2015).   Section 959(a) applies only if the trustee is actually running a business as an operating enterprise, it does not apply to acts taken in connection with administering and/or liquidating a bankruptcy estate.  In re Crown Vantage, Inc., 421 F.3d 963, 971-72 (9th Cir. 2005).

Under § 105(a), a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  Section 105(a) provides a bankruptcy court with the authority to issue an injunction to enforce the Barton doctrine without applying the usual injunction standard.  <u>Crown Vantage</u>, 421 F.3d at 975.

> "[A] bankruptcy court can enjoin proceedings in other courts when it is satisfied that such proceedings would defeat or impair its jurisdiction over the case before it.  In other words, the court does not need to demonstrate an inadequate remedy at law or irreparable harm."

<u>Id</u>. at 975-76 (quoting <u>In re L&S Industries, Inc.</u>, 989 F.2d 929, 932 (7th Cir. 1993)).  "The only requirement for the issuance of an injunction under § 105 is that the remedy conform to the objectives of the Bankruptcy Code."  <u>Crown Vantage</u>, 421 F.3d at 975.  Defendant made no attempt to address the applicability of the Barton doctrine in his response to Plaintiff's motion for summary judgment or in any of the other documents he has filed in this adversary proceeding.   The court concludes that issuance of an injunction is necessary and appropriate to safeguard the principles underlying the Barton doctrine and carry out the provisions of the Bankruptcy Code.

The complaint in this proceeding includes detailed allegations about Defendant's litigation history in this and other courts.  <u>See</u> Complaint, ¶¶ 8-34.  Defendant did not deny those allegations in his original or amended answer, thereby admitting each allegation.  Fed. R. Civ. P. 8(b)(6), made applicable by Fed. R. Bankr. P. 7008.  In addition, Plaintiff filed a Declaration of Russell D. Garrett (the Declaration) in support of the motion for summary judgment.  <u>See</u> ECF No. 39.  The Declaration is supported by documentary evidence of Defendant's litigiousness and

the fact that, in 2024, he pled guilty to, and was convicted of, committing bankruptcy fraud within the meaning of 18 U.S.C. § 157(1).  See Declaration, Exhibits 1 – 4.[7]

The court's experience, gained over the course of more than eight years, is that Defendant is unable or unwilling to abide by prior determinations of fact and law and cease his repetitive and abusive filings.  As is particularly relevant to this matter, the Bankruptcy Appellate Panel of the Ninth Circuit (the BAP) has noted that, since the conversion of Defendant's bankruptcy case from chapter 11 to chapter 7 in 2017, Defendant "has been on a relentless crusade against [the] Trustee and her professionals[,]" burdening numerous courts with meritless cases and "absurd accusations" about the Trustee and her professionals.  Szanto v. Amborn, BAP No. OR-22-1012-BFT, Document 26-2.  Included among those absurd accusations, is Defendant's persistent and outrageous claim that the Trustee and her professionals are responsible for the death of his wife, despite multiple courts, including this one, repeatedly finding that the accusation is unfounded.  See, e.g., Szanto v. Hon et al., BAP No. OR-21-1069-FBS, Document 39-2 (finding Defendant's allegation of conspiracy to murder him and his wife "baseless"); Szanto v. Amborn, District Court Case No. 3:21-cv-01712-SI, Document 23 (rejecting as lacking "any evidentiary, factual, or legal bases" Defendant's argument that the Trustee's actions negatively affected the health and life of his wife).  Indeed, Defendant's accusations have escalated, with Defendant recently claiming that the Trustee is responsible for the death of three of his family members.  See, e.g., Case No. 16-33185-pcm7, ECF No. 1346.

---

[7]    Exhibit 1, which Mr. Garrett identifies as a "table tracking a select number of Debtor's cases," is out-of-date.  Many of the listed cases have been resolved in a manner unfavorable to Defendant.

Defendant asserts numerous defenses.  Defendant has not demonstrated the existence of any question of material fact that would prevent entry of summary judgment in favor of Plaintiff on her claim.  Most of the defenses asserted by Defendant are barred by the law of the case doctrine and all lack any legal merit.[8]  The court will first address the defenses Defendant identifies to be jurisdictional and then turn to the rest of the defenses raised by Defendant.

Defendant asserts that the court lacks jurisdiction because he was never served with a petition initiating an involuntary bankruptcy case under § 303.  This adversary proceeding does not exist in connection with an involuntary bankruptcy case.  Defendant filed a voluntary chapter 11 petition in 2016.  The fact that the court converted the chapter 11 case to chapter 7 over Defendant's objection did not transform Defendant's voluntary bankruptcy case to an involuntary bankruptcy case within the meaning of  § 303.[9]  Defendant asserts that an alleged bankruptcy proceeding initiated by the Trustee in Singapore voided this court's jurisdiction.  The court addressed and rejected Debtor's theory about the jurisdictional impact of proceedings in Singapore in an earlier order entered in this adversary proceeding.  See ECF. No. 22.  In addition, appellate courts have observed that the Trustee commenced the proceeding in

---

[8]     The law of the case doctrine applies in bankruptcy and "'generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case.'"  In re Charleston Assocs., LLC, 592 B.R. 709, 723 (Bankr. D. Nev. 2018) (quoting Stacy v. Colvin, 825 F.3d 563, 567 (9th Cir. 2016)).  "'The doctrine is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust.'"  Id.  The burden is on the party opposed to application of the doctrine to demonstrate one of the exceptions applies.  Id. at 723-24.  Defendant has not demonstrated that any of the exceptions applies.

[9]     The court is quite certain it has entered at least one order addressing and rejecting this argument.  Considerations of judicial efficiency prevent the court from locating that order.  The docket in the main bankruptcy case has over 1300 entries and there are multiple adversary proceedings associated with Defendant's bankruptcy case, all of which have lengthy dockets.

Singapore to recover estate funds and enforce this court's orders, not to initiate a new bankruptcy case.  See, e.g., Szanto v. Amborn, District Court Case No. 3:21-cv-1712-SI, Document 23 (rejecting Defendant's claim that the Trustee initiated an involuntary bankruptcy case in Singapore).  Defendant argues that a 2022 bankruptcy petition he filed in the Southern District of California terminated this court's jurisdiction.  The court addressed and rejected this argument in an earlier order entered in this adversary proceeding.  See ECF. No. 22.  Defendant argues that the Trustee "destroyed this court's jurisdiction" by hiding assets outside of Oregon.  The court addressed and rejected this argument in several earlier orders, including, most recently, in an order entered in this adversary proceeding.  See ECF. No. 22.  In addition, the BAP has held that a bank located outside of Oregon is qualified to hold estate assets.  Szanto v. Amborn, BAP No. OR-22-1012-BFT, Document 26-2.  Defendant argues that the court lacks personal jurisdiction over him because he has not had minimum contacts with Oregon.  The court explained why Defendant's reliance on Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945), is misplaced in an earlier order entered in this adversary proceeding.  See ECF. No. 22.  Defendant argues that this adversary proceeding is "void" because there are currently pending before the Ninth Circuit appeals of contempt orders issued by this court and "[t]he rule is that the pendency of an Appeal stays further trial court proceedings."  Defendant is mistaken.  No such rule exists.  Finally, Defendant argues that he was not properly served with the summons and complaint in this matter.  The court has addressed and rejected that argument in earlier orders entered in this adversary proceeding.  See ECF Nos. 5, 8, 21.

Plaintiff is also entitled to summary judgment on Defendant's remaining defenses, none of which did Defendant even addresses in his response to the motion for summary judgment (ECF No. 58).  Defendant argues that this adversary proceeding is barred because, although a

California state court entered a vexatious litigant order against him in 2011, the BAP overruled it in 2012.  As proof, Defendant attaches to his amended answer a document labeled Exhibit A. Exhibit A is a 2012 order of the BAP stating that "the Panel is presently unable to conclude that [Defendant] is a vexatious litigant."  Defendant's designation as a vexatious litigant in California state courts is not determinative of Plaintiff's claim in this action.  Indeed, Plaintiff states in the motion for summary judgment that she "does not seek for this Court to declare Szanto a vexatious litigant.  Rather, she seeks to obtain injunctive relief to curtail future abuses of the judiciary by Szanto, which are certain to occur."  ECF No. 39.  In any event, the BAP's 2012 order has no impact on the validity of the decision by the California court system to designate Defendant a vexatious litigant.  Indeed, Defendant remains so classified.  Declaration, Exhibit 5.

Defendant asserts as a defense that he has a Constitutional right to seek redress in the courts.  Entry of an injunction enforcing the Barton doctrine does not prevent Defendant from seeking redress in the courts.  It merely designates the court in which he must do so – this court.

Defendant asserts that various aspects of the bankruptcy case amount to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment's protection against cruel and unusual punishment does not apply outside of the criminal process.  Ingraham v. Wright, 430 U.S. 651, 667-68 (1977).

Defendant argues that the "single judgment rule" prevented the court from granting relief to the defendants in a separate 2016 adversary proceeding, Szanto v. Szanto et al., Adv. P. No. 16-3114-pcm (the 2016 adversary proceeding).  This argument has nothing to do with, and does not constitute a defense to, Plaintiff's claim in this adversary proceeding.  In addition, the District Court rejected Defendant's contention that the court's judgment in the 2016 adversary

proceeding violated the separate judgment rule.  See <u>Szanto v. Szanto,</u> Case 3:19-cv-01089-SI,

Document 43.

Finally, several of the defenses asserted by Defendant are based on his long-standing

accusations of "thievery" and "looting" against the Trustee and her professionals.  The BAP has

observed that Defendant has a practice of making "absurd accusations" about the "'thieving' and

'looting'" of estate assets by the Trustee and her professionals.  <u>Szanto v. Amborn</u>, BAP Case

No. OR-22-1012-BFT, Document 26-2.  Although Defendant has been persistent in making the

accusations, he has never supplied the court with any detail about, much less evidence of, the

assets allegedly misappropriated.

> The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).  When the nonmoving party has the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case."  *Id.*  at 325; *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (holding that the *Celotex* "showing" can be made by "pointing out through argument -- the absence of evidence to support plaintiff's claim").  Once the moving party carries its initial burden, the adverse party "may not rest upon the mere allegations or denials of the adverse party's pleading," but must provide affidavits or other sources of evidence that "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 323-24; *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1107 (9th Cir. 2000) (holding that once the moving party carries its initial burden of production, "the nonmoving parties were obligated to produce evidence in response").

<u>Devereaux v. Abbey</u>, 263 F.3d 1070, 1076 (9th Cir. 2001).  Defendant has produced no evidence

showing that there is a genuine issue for trial concerning any of the defenses based on his

unsupported allegations of professional misconduct by the Trustee and her professionals.

Defendant's counterclaims are equally without merit and unsupported by anything in the

record to defeat the Trustee's motion for summary judgment.  In his first counterclaim,

Defendant argues that the Trustee violated § 704, which governs the duties of a chapter 7 trustee,

by commencing a bankruptcy case in Singapore.  Defendant requests damages, arguing that the

Trustee should have turned over the estate assets to the court in Singapore.  In his second

counterclaim, Defendant argues that Trustee improperly paid legal fees to a law firm that

represented the Trustee in the Singapore action.  Debtor argues he is entitled to those funds

because the alleged Singapore bankruptcy case superseded the bankruptcy case in this court.

The court has already explained that the factual premise of both counterclaims is incorrect.  The

legal proceedings in Singapore did not supplant Defendant's chapter 7 bankruptcy case in this

court.  The Trustee initiated a proceeding in Singapore to enforce this court's orders, not to

commence a new bankruptcy case.   As the Ninth Circuit has observed, "Trustees often must

litigate in courts besides the Bankruptcy Court on behalf of the estate . . . ."  Szanto v. Amborn,

Case No. 22-60015, Dkt. Entry 33-1 (affirming order allowing final compensation to law firm

hired by the Trustee in connection with proceedings in Singapore).

        The above analysis illustrates the need for an injunction requiring Defendant to comply

with the Barton doctrine.  Defendant's voluntary compliance with the doctrine is highly unlikely

in the absence of an injunction.

        Any action filed by Defendant against the current or former chapter 7 trustee or any of

their professionals must be initiated in this court.  Alternatively, if Defendant seeks leave from

this court to file suit in a different forum, he must include with any such motion seeking leave a

proposed complaint that establishes a *prima facie* case against the named defendants.  Kashani,

190 B.R. at 885-86.  See also 1 COLLIER ON BANKRUPTCY ¶ 10.01 (Richard Levin & Henry J.

Sommer eds., 16th ed.)("Once a bankruptcy court finds that the Barton rule applies, the

prospective plaintiffs must set out a *prima facia* case against the trustee in order for the court to

determine whether to grant leave to sue.").  The injunction will continue to apply after closure of

the bankruptcy case and this adversary proceeding.  If Defendant violates the injunction, the

Trustee may move to reopen this adversary proceeding and seek an order holding Defendant in

contempt.[10]   The court will retain jurisdiction to address any dispute arising from or related to

issuance of the injunction.

The court will not, however, grant the Trustee all of the relief requested in the complaint.

The Trustee requests an injunction:

> Enjoining Debtor from filing in any district court within the Ninth Circuit any new
> proceeding, complaint, or cause of action, in law or equity, against Former Trustee,
> Trustee and the professionals who have aided and represented them in this case, unless:
>
>> a) Debtor is represented by legal counsel authorized to practice in the district
>> (including by pro hac vice admission); or
>>
>> b) Debtor has received pre-filing authorization from the chief judge of the district
>> in which he seeks to file the proceeding[.]

ECF No. 1.

Plaintiff did not assert a claim for a prefiling order.  The Complaint asserts a single claim

for relief:  "Plaintiff seeks a permanent injunction staying any future litigation of the Debtor

against the Former Trustee, Trustee, and their professionals under 11 U.S.C. § 105(a) and Fed. R.

Bankr. P. 7065, unless such litigation complies with the Barton doctrine."  ECF No. 1.  Plaintiff

has repeatedly stressed that the relief she seeks is narrow, "seeking only to require Szanto to

comply with the *Barton* doctrine."  ECF No. 39, pp. 2-3; 10.  In addition, the relief sought, which

would permit suit in a federal district court if Defendant is represented by counsel or receives

permission from a district court chief judge, is inconsistent with the Barton doctrine.  All courts

---

[10]      Among the relief requested by the Trustee in the complaint is authorization to seek
Defendant's "bodily detention" if he fails to comply with the injunction.  This request for relief
is unnecessary and premature.  If Defendant violates the injunction, the Trustee may seek
whatever relief the Trustee deems warranted, and the court will decide what sanctions are
appropriate.

other than the appointing court lack jurisdiction to entertain an action against a trustee. <u>Crown Vantage</u>, 421 F.3d at 974. <u>See</u> <u>also</u> <u>Muratore v. Darr</u>, 375 F.3d 140 (1st Cir. 2004) (district court does not have subject matter jurisdiction to hear action alleging bankruptcy trustee misconduct; bankruptcy court has exclusive subject matter jurisdiction pursuant to the Barton doctrine).

### CONCLUSION

The court will prepare and enter an order granting Plaintiff's motion for summary judgment and a judgment consistent with this memorandum decision.

As the court has recently informed the parties, the court intends to exercise its case management responsibilities in a way that expedites the prompt and efficient closing of Defendant's chapter 7 case. The Trustee is directed take whatever actions she deems necessary to accomplish that goal.

### ###